UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | NO. 1:25-cr-10045-PBS |
| v. | ) | |
| | ) | |
| | ) | |
| LINA MARIA OROVIO-HERNANDEZ | ) | |

**DEFENDANT'S MOTION IN LIMINE**
**TO PRECLUDE THE GOVERNMENT FROM PROCEEDING ON THEORY OF GUILT**
**INSUFFICIENTLY NOTICED BY THE INDICTMENT**

Now comes the defendant, before this Honorable Court and respectfully moves to preclude the government from proceeding at trial on a theory that the defendant lied about her assets because she received a large workers' compensation settlement, in connection with Counts Four through Six, receiving stolen government money or property in violation of 18 U.S.C. § 641. The government's case against the defendant generally can be summarized by the government's theory that the defendant held herself out to be a Ms. Castillo, someone that she was not, and lied on various forms and engaged in various behaviors consistent with this false representation. The defendant recently learned that the United States may now seek to alternatively argue, in addition to the false information about her identity, that she improperly received benefits from the government because she did not disclose a settlement received from a workers' compensation claim. Permitting the United States to proceed at trial and present this worker's compensation settlement theory represents a significant change and a prejudicial variance affecting the defendant's constitutional rights.

The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." See U.S. CONST. amend. V. The Due Process Clause of the Fifth Amendment protects all persons. See U.S. CONST. amend.

V. "Due process precludes the defendants' conviction on any ground that was neither charged in the indictment nor presented to the jury." *United States v. Mubayyid*, 658 F.3d 35, 50 n.19 (1st Cir. 2011), cert. denied 566 U.S. 1005 (2012). In addition,"[t]he Supreme Court has interpreted the Fifth Amendment's Presentment Clause to mean that, after an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself" (quotation omitted). *Id.* at 50. "The Sixth Amendment [to the United States Constitution], meanwhile, ensures that the indictment provide the defendants with fair notice of the charges against which they are called to defend." *Id.* at 50 n.19.

Permitting the United States to proceed on a novel legal theory not noticed to the defendant sufficiently in advance of trial would be at least a prejudicial variance, and the government should not be permitted to so proceed. "[A] variance occurs when the government relies at trial on different facts than those alleged in the indictment to prove the same offense." *United States v. Katana*, 93 F.4th 521, 530 (1st Cir. 2024). Here, the Indictment insufficiently alleges that the defendant alternatively violated the law by improperly obtaining government benefits because she received a worker's compensation settlement and did not disclose that asset. Yet the United States now wants to add this monetary theory to its overarching identity theory, which would be a variance that affects the defendant's substantial rights. This is not just a minor discrepancy in factual details. The defendant has been "deprived of adequate notice of the charges against [her], and [she was] therefore limited in [her] ability to prepare a defense at trial." *United States v. Dellosantos*, 649 F.3d 109, 125 (1st Cir. 2011). Prosecuting the defendant on this basis is fundamentally unfair and violates due process. The United States should be precluded from proceeding on this novel theory, unrelated to the identity issue, at trial, in connection with Counts Four through Six.

Respectfully Submitted,

Counsel for the defendant,

*/s/ Jason Benzaken*

Jason Benzaken, Esq.
Benzaken, Sheehan & Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301
(Tel) 508-897-0001
(Fax) 508-587-5455
BBO No. 658869
*jbenzaken@bmswlaw.com*

Dated: January 2, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this motion has been served upon counsel for the United States via the CM/ECF filing system.

*/s/ Jason Benzaken*

DATED: January 2, 2026